1  STEVEN KALAR
   Federal Public Defender
2  ELIZABETH M. FALK
   Assistant Federal Public Defender
3  450 Golden Gate Avenue
   San Francisco, CA 94102
4  Telephone: (415) 436-7700

5  Counsel for Defendant TUYAKBAYEV

6

7
                    IN THE UNITED STATES DISTRICT COURT
8
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10 UNITED STATES OF AMERICA,           )   No. CR 15-00086 MEJ
                                       )
11              Plaintiff,             )   MOTION TO SUPPRESS EVIDENCE;
                                       )   REQUEST FOR EVIDENTIARY
12        v.                           )   HEARING AND DISCOVERY
                                       )
13 DANIYAR TUYAKBAYEV,                 )
                                       )
14              Defendant.             )   Date: July 9, 2015
                                       )   Time: 10:00am
15

16

17

18

19

20

21

22

23

24

25

26

## INTRODUCTION

Defendant Daniyar Tuyakbayev and his vehicle were seized without a warrant or reasonable suspicion in presumptive violation of the Fourth Amendment.  Mr. Tuyakbayev accordingly moves to suppress the fruits of the unlawful seizure.

## FACTUAL BACKGROUND[1]

On January 18, 2015, at approximately 11:30 p.m., U.S. Park Police Officer Eric Cole was on duty as a fully uniformed police officer in the Presidio.  *See* Report of U.S. Park Police Officer Eric Cole, attached to the Declaration of Elizabeth Falk as Exhibit A, at DT0006.  According to the report, Officer Cole was outside of his patrol vehicle, speaking to a citizen at the bus stop at Lincoln Boulevard and Pershing Drive. At some point, Officer Cole states he observed a dark colored vehicle traveling northbound on Lincoln Boulevard toward his direction.  *Id*.  Officer Cole reported that he heard a loud engine accelerating toward him, and he purportedly observed a vehicle traveling at, "a very high rate of speed."  *Id*.  Officer Cole saw that the vehicle was not displaying a front license plate.  *Id*.  Officer Cole used his flashlight and, "verbally commanded the driver to pull over."  *Id*.

Officer Cole claims that when he made contact with the driver through an open window, he smelled alcohol coming from the vehicle.  *Id*.  The driver of the vehicle identified himself as Daniyar Tuyakbayev, and agreed to submit to sobriety testing.  *Id*.  Mr. Tuyakbayev then exited his vehicle, and Officer Cole performed the tests on Mr. Tuyakbayev.  *Id*.  According to Officer Cole, Mr. Tuyakbayev did not sufficiently pass the tests, and as a result, Officer Cole advised Mr. Tuyakbayev of the additional Preliminary Alcohol Screening test, which Mr. Tuyakbayev also agreed to take.  *Id*.  Officer Cole performed the tests on Mr. Tuyakbayev, and Officer Cole claims that Mr. Tuyakbayev did not pass.  *Id*.

Officer Cole placed Mr. Tuyakbayev under arrest for suspicion of driving under the influence

---

[1]  This recitation is derived entirely from the United States Park Police Report of Officer Eric Cole attached to the Declaration of Elizabeth Falk at Exhibit A, and should in no way be deemed an admission of any facts stated here in by Mr. Tuyakbayev.

CR 15-00086 MEJ; *United States v. Tuyakbayev*
Motion to Suppress Evidence                   - 1 -

of alcohol, and transported him to the U.S. Park Police Substation. *Id*. Officer Cole then performed further breathalyzer tests on Mr. Tuyakbayev, resulting in charges of violating 36 CFR § 4.23(a)(1), driving under the influence of alcohol, and 36 CFR § 4.23(a)(2), driving under the influence of alcohol with a BAC greater than .08. *Id*.

**ARGUMENT**

**I.   THE COURT SHOULD SUPPRESS THE FRUITS OF THE UNCONSTITUTIONAL SEIZURE OF MR. TUYAKBAYEV**

The Fourth Amendment to the United States Constitution protects citizens against unreasonable searches and seizures by law enforcement officers. *See* U.S. Const. Amend. IV. The Fourth Amendment prohibition against unreasonable searches and seizures also applies to investigatory traffic stops. *United States v. Arvizu*, 534 U.S. 266, 273 (2002).

To justify an investigative stop, a police officer must have reasonable suspicion that a suspect is involved in criminal activity. *United States v. Lopez-Soto*, 205 F.3d 1101, 1104-05 (9th Cir. 2000). Reasonable suspicion is formed by specific articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in a crime. *Id*. at 1105. An officer's inferences must be grounded in objective facts and be capable of rational explanation. *Id*. The court must look at the "totality of the circumstances" to see whether the officer had a particularized and objective basis for suspecting criminal activity. *Arvizu*, 534 U.S. at 273. Additionally, reasonable suspicion is more than an "inchoate and unparticularized suspicion or 'hunch.'" *Terry v. Ohio*, 392 U.S. 1, 27 (1968).

"If courts do not insist on objectively reasonable grounds supporting a belief that a driver has violated the law, the police would have essentially unlimited discretion to subject drivers and passengers to the great intrusions on privacy that are constitutionally permissible with a valid traffic stop[.]" *United States v. Gold,* 77 F.Supp.2d 936, 943 (S.D. Ind 1999).

Here, because there was no reasonable suspicion at the time Mr. Tuyakbayev was stopped to

believe that Mr. Tuyakbayev was in violation of the law, the stop was unlawful. Thus, any evidence found as a result of the unlawful stop should be suppressed.

### A. Mr. Tuyakbayev Had a Fourth Amendment Interest in the Vehicle

As an initial matter, Mr. Tuyakbayev had a protected Fourth Amendment interest in both his person and his vehicle seized by Officer Cole on January 18, 2015. *See United States v. Jones*, 132 S. Ct. 945, 949 (2012) ("The Fourth Amendment provides in relevant part that '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.'"); *Id.* ("It is beyond dispute that a vehicle is an 'effect' as that term is used in the Amendment."). Mr. Tuyakbayev was the registered owner of the vehicle that he was driving on the day in question. *See* Exhibit A, Declaration of Daniyar Tuyakbayev in Support of Motion to Suppress at ¶1.

### B. The Government Bears the Burden of Proving that The Traffic Stop Was Lawful

Officer Cole did not have reasonable suspicion to stop Mr. Tuyakbayev, thus the stop was unlawful. Additionally, "[i]t is the State's burden to demonstrate that the seizure it seeks to justify on the basis of a reasonable suspicion was sufficiently limited in scope and duration to satisfy the conditions of an investigative seizure. *Florida v. Royer*, 460 U.S. 491, 500 (1983).

Nothing in Officer Cole's report indicates that the seizure of Mr. Tuyakbayev or his vehicle was sufficiently limited in scope and duration to satisfy the conditions of an investigative seizure. If the government fails to meet its evidentiary burden, all fruits must be suppressed.

Litigation concerning Mr. Tuyakbayev's motion to suppress the fruits of the seizure must initially proceed by way of declarations and affidavits, a requirement met in this opening motion. Northern District Local Criminal Rule 47-1 requires that noticed motions be made pursuant to Criminal Local Rule 47-2. That rule requires that litigation involving issues of fact must be supported by affidavits or declarations:

///

> **(b) Format**: Except as otherwise specifically provided, the format of motions shall comply with the requirements of Civil L.R. 7-2(b) and (c). Motions presenting issues of fact shall be supported by affidavits or declarations which shall comply with the requirements of Civil L.R. 7-5.

Crim.L.R. 47-2(b).

Civil Local Rule 7-5 clearly specifies the requirements of affidavits or declarations offered in support of motions:

> **7-5. Affidavit or Declaration**
> **(a) Affidavit or Declaration Required**: Factual contentions made in support of *or in opposition to any motions should be supported by an affidavit or declaration* and by appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admission and other evidentiary matters must be appropriately authenticated by an affidavit or declaration.
>
> **(b) Form**. An affidavit or declaration shall contain only facts, shall conform as much as possible to the requirements of F.R.CIV.P. 56(e), and shall avoid conclusions and argument. Any statement made upon information or belief shall specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.

Civil. L.R. 7-5 (emphasis added).

The government has produced no evidence authorizing the seizure of Mr. Tuyakbayev or his vehicle. If the government believes that the seizure is supported by reasonable suspicion, an affidavit or declaration will be necessary to support that assertion. *See* Crim. L. R. 7-5(b); Civ. L. R. 7-5(a); *see also United States v. Lonzo*, 739 F. Supp. 57, 58-59 (N.D.N.Y. 1992) (requiring the government to file affidavits based on personal knowledge in its opposition to suppression motions to "conserve precious judicial resources by reducing time presently spent reading incomplete or misleading motion papers, and/or holding unnecessary suppression hearing.").

In his reply brief, Mr. Tuyakbayev may challenge whatever showing of reasonable suspicion that is articulated by the government in its opposition affidavits or declarations. Until the

CR 15-00086 MEJ; *United States v. Tuyakbayev*
Motion to Suppress Evidence - 4 -

government has met its evidentiary burden of identifying reasonable suspicion, however, the seizure is presumptively unconstitutional and all fruits deriving from it must be suppressed.

## II. MR. TUYAKBAYEV RESPECTFULLY REQUESTS THE COURT SET AN EVIDENTIARY HEARING, AND ORDER PRODUCTION OF DISCOVERY

Mr. Tuyakbayev respectfully requests that the court grant his motion to suppress on the filed papers. However, if the Court is not inclined to grant the motion on the papers, Mr. Tuyakbayev respectfully requests that an evidentiary hearing be set on the motion to suppress. In connection with this requested evidentiary hearing, undersigned counsel requests that the government be directed to disclose the names of all of the officers who were present during the seizure of Mr. Tuyakbayev so that they may be subpoenaed to testify at the hearing.

Undersigned counsel further requests, pursuant to Federal Rules of Criminal Procedure 12(h) and 26.2, that the government be directed to disclose the prior statements of any suppression hearing witnesses, including all law enforcement witnesses who were present at the seizure of Mr. Tuyakbayev and his vehicle, at least 48 hours prior to the evidentiary hearing in this matter to avoid unnecessary recesses during the course of the hearing as anticipated by Rule 26.2(d).

In addition, pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny, undersigned counsel hereby requests that the government be directed to disclose any other exculpatory or impeachment information. Pursuant to *United States v. Henthorn,* 931 F.2d 29 (9th Cir. 1991), undersigned counsel hereby requests that the government be directed to disclose any impeachment materials contained in the personnel files of all federal law enforcement agents who will be testifying and/or who were present at the seizure of Mr. Tuyakbayev and his vehicle.

## CONCLUSION

The seizure at issue was conducted in violation of Mr. Tuyakbayev's constitutional rights. Accordingly, Mr. Tuyakbayev respectfully requests this Court to suppress the fruits of this unlawful seizure based on the papers. Mr. Tuyakbayev additionally requests an evidentiary hearing in the

event this Court determines that further factual findings are necessary to adjudicate the motion.

Dated: June 11, 2015

                                                     Respectfully submitted,

                                                     STEVEN KALAR
                                                     Federal Public Defender

                                                     _____
                                                     ELIZABETH M. FALK
                                                     Assistant Federal Public Defender